# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| STEVEN HERRINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action File |
| vs. | ) No. _____ |
| | ) |
| AM PM CONCRETE CUTTING, INC., and TREVENO PITTS, | ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Steven Herrington by and through counsel, files this Complaint against Defendants AM PM Concrete Cutting, Inc. ("AM PM") and Treveno Pitts ("Pitts") (collectively "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* by failing to pay Plaintiff proper overtime wages. Plaintiff files this Complaint against Defendants to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorneys' fees.

In support of his claim, Plaintiff asserts as follows:

## INTRODUCTION

1. This lawsuit arises from the failure of Defendants to properly calculate and pay Plaintiff overtime wages during the period May 2022 through September

2022.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391. Defendants transact business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## THE PARTIES

4. Plaintiff Herrington is a resident of Georgia in this judicial district.

5. Defendant AM PM Concrete Cutting, Inc. is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as 910 Jamerson Rd #100, Marietta, GA 30066.

6. Defendant AM PM's registered agent for service of process is Treveno Pitts, 910 Jamerson Rd #100, Marietta, GA 30066.

7. AM PM had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

8. At all relevant times, Defendant Pitts was the owner, general manager, and/or primary decision maker for AM PM.

9. Defendant Pitts can be served at 323 Due W Dr, Dallas, GA 30157.

10. At all relevant times, Defendants have continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

11. Defendants employed Plaintiff throughout the relevant period.

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

12. Plaintiff was employed by Defendants as a shop supervisor.

13. At all times during his employment, Plaintiff was a non-exempt employee of Defendants.

14. At all relevant times, Plaintiff was an "employee" of Defendants as that term is defined in 29 U.S.C. § 203(e)(1).

15. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

**A. Defendant Pitts is Individually Liability for the FLSA Violations.**

16. At all relevant times, Defendant Pitts was the owner, general manager, and/or primary decision maker for AM PM; had control and direction over workplace conditions, operations, personnel, and compensation including making hiring and firing decisions relating to Plaintiff; determined Plaintiff's wages; created Plaintiff's schedules; approved Plaintiff's hours and days off; and prepared Plaintiff's pay checks.

17. At all relevant times, Defendant Pitts, as an owner, general manager, and/or primary decision maker for Pitts, made the decision of what to pay Plaintiff and to withhold overtime compensation in violation of the FLSA.

18. At all relevant times, Defendant Pitts exercised sufficient control over Plaintiff to cause Defendant Lance to be individually liable for the FLSA violations.

**B. Plaintiff's Employment with Defendants.**

19. Defendants hired Plaintiff in approximately May 2022.

20. Plaintiff's employment with Defendants ended on approximately September 16, 2022.

21. Plaintiff was employed as a shop supervisor and his job duties included performing manual labor, tracking inventory, and designing equipment.

22. In performing his job duties for Defendants, Plaintiff did not perform executive functions or have any duties with regard to managing any aspect of Defendants' operations.

23. In performing his job duties for Defendants, Plaintiff did occasionally supervisor one other employee but only one employee.

24. In performing his job duties for Defendants, Plaintiff did not have the authority to hire or fire any employees.

25. In performing his job duties for Defendants, Plaintiff did not exercise

any discretion or independent judgment with regard to matters of significance.

26. Plaintiff's job duties did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

**C. Plaintiff's Unpaid Overtime.**

27. Defendant paid Plaintiff a flat weekly salary regardless of the amount of hours Plaintiff worked.

28. Defendants denied Plaintiff payment of overtime wage compensation required by the FLSA for any hours working in excess of 40 hours per workweek.

29. While Plaintiff's schedule varied, he regularly worked in excess of 40 hours per workweek.

30. Defendants willfully and/or deliberately failed to pay Plaintiff his earned overtime wages for hours worked in excess of 40 hours per workweek in violation of the FLSA.

31. Defendants maintained records of hours that Plaintiff worked.

<u>**COUNT I**</u>
**FAIR LABOR STANDARDS ACT VIOLATIONS**
**UNPAID WAGES**

32. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

33. At all relevant times, Defendants were engaged in interstate commerce and/or the production of services for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

34. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA, 29 U.S.C. §§ 201 et seq.

35. At all relevant times, Defendants were an enterprise (as that term is defined in the FLSA, 29 U.S.C. § 203(r) and (s)(1)) with multiple employees (including Plaintiff) who were engaged in commerce or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

36. AM PM had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

37. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff for all hours worked, including overtime hours, in violation of the FLSA.

38. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

39. Plaintiff suffered damages due to Defendants' willful misconduct.

40. Due to Defendants' FLSA violations, Plaintiff was damaged and is

entitled to recover from Defendants compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Defendants:

A. An award of compensation for unpaid wages to Plaintiff;

B. An award of all liquidated damages for unpaid wages to Plaintiff;

C. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

D. Such other and further relief as this Court deems just and proper.

Respectfully submitted this October 27, 2022.

**HALL & LAMPROS, LLP**

*/s/ Gordon Van Remmen*
Christopher B. Hall
Georgia Bar No. 3018380
Gordon Van Remmen
Ga. Bar # 215512

300 Galleria Parkway,
Suite 300
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
chall@hallandlampros.com

gordon@hallandlampros.com

*Attorneys for Plaintiff*

Plaintiff's counsel certifies that this complaint is in 14-point Times New Roman font.